[No. A058439. First Dist., Div. Five. Nov. 4, 1993.]

YVONNE PEREZ, Plaintiff and Appellant, v.
SALLEE SMITH, Defendant and Respondent.

**COUNSEL**

Schwartz & Siegel and Donald C. Schwartz for Plaintiff and Appellant.

Mark C. Skilling and Knox Ricksen for Defendant and Respondent.

**OPINION**

**HANING, J.**—Plaintiff/appellant Yvonne Perez appeals a judgment dismissing her action for personal injuries against defendant/respondent Sallee Smith on grounds of untimely service. (Code Civ. Proc., §§ 583.210, 583.410.)[1] We affirm.

FACTS

On September 30, 1988, appellant filed her original complaint in the municipal court. On August 21, 1991, her motion to transfer the case to the superior court was granted. On January 17, 1992, appellant applied for and was granted an ex parte order for service of summons by publication, pursuant to section 415.50. In his supporting declaration for the ex parte order, appellant's counsel stated: (1) Appellant's complaint was filed September 30, 1988; (2) counsel had attempted to serve respondent by mail, but

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

her insurance carrier refused to divulge her present address, and attempts at locating respondent through a search of county records or contact of all known potential employers in the area of her last known address were unsuccessful; and (3) counsel was unaware of any other person or source from which to determine respondent's whereabouts. In granting the application the court found that appellant could not with reasonable diligence personally serve respondent and ordered that service of summons be made by publication. On February 21, 1992, appellant mailed the order to respondent's insurance carrier. On February 28 and March 6, 13, and 20, 1992, the notice of summons was duly published.

On April 13, 1992, respondent moved for mandatory dismissal on the ground she had not been served within three years after the action had commenced. (§§ 583.210, 583.250.) Alternatively, she moved for discretionary dismissal on the grounds appellant had failed to exercise reasonable diligence in prosecuting the action by failing to serve within two years of commencing the action and failing to bring the action to trial within three years. (§§ 583.410, 583.420, subd. (a)(1) and (a)(2)(A).)

Appellant opposed the motion principally on the ground that the order for publication reflected respondent's nonamenabilty to service of process and thereby tolled both the mandatory three-year and the discretionary two-year dismissal statutes.

## Discussion

The order granting the dismissal does not identify the particular statute on which the court based its ruling, although the court stated during the hearing that it was basing its ruling on both the two-year and three-year statutes.

Section 583.210 provides that a summons and complaint "shall" be served upon a defendant within three years after the action is commenced. In computing the time within which service must be made, any time during which the defendant "was not amenable to the process of the court[ ]" is excluded from the computation. (§ 583.240, subd. (a).) Dismissal is mandatory if service is not made within the statutorily prescribed time. (§ 583.250.)

Appellant's ex parte application to serve by publication was made more than three years after her complaint was filed. In such a case the burden of establishing facts bringing the case within an exception to the general rule requiring dismissal fell on appellant (*Quaranta* v. *Merlini* (1987) 192 Cal.App.3d 22, 27 [237 Cal.Rptr. 179].) Appellant contends that the order for service by publication established that respondent was not amenable to the process of the court until the date of that order.

At issue in this appeal is the meaning of the phrase "not amenable to the process of the court[,]" as used in section 583.240, subdivision (a). ■ The primary rule of statutory construction is to " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) Where appropriate, courts may seek guidance in divining the legislative intent from such materials as the statutory history, committee reports and legislative debates. (*Nasser* v. *Superior Court* (1984) 156 Cal.App.3d 52, 58 [202 Cal.Rptr. 552].)

Prior to 1970, section 581a, the predecessor to section 583.240, provided that "no dismissal shall be had [for failure to serve within three years of filing of the complaint] because of the failure to serve summons on [defendant] during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him. . . ." (Stats. 1955, ch. 1452, § 5, p. 2640.) In 1970 this language was deleted, and the statute was amended to state: "The time during which the defendant was not amenable to the process of the court shall not be included in computing the [three-year] time period. . . ." (Stats. 1970, ch. 582, § 1, pp. 1158-1159.) When the 1970 amendment was submitted to the Legislature for final passage, the Legislative Counsel's digest accompanying it stated that the amended statute "[e]xcludes, from computation of time period after which action may be dismissed for want of prosecution, time during which defendant was not amenable to process of court and during which *jurisdiction of court to try action is suspended,* rather than time during which defendant was absent from state or concealed therein, his whereabouts unknown to plaintiff and not discoverable to plaintiff upon due diligence. . . ." (Legis. Counsel's Dig., Sen. Bill No. 575, 3 Stats. 1970 (Reg. Sess.) Summary Dig., p. 80, italics supplied.)

■ As this legislative history makes clear, a finding that a defendant cannot, despite reasonable diligence, be served by one of the preferable methods, i.e., in person, by mail, or by substituted service (§§ 415.10-415.30), is not tantamount to a finding that a defendant is outside the jurisdiction of the court. Service by publication presupposes the defendants are subject to the court's jurisdiction and is employed only after the plaintiff has exhausted all other avenues to discover their whereabouts. However, so long as defendants remain within the jurisdiction of the court they are amenable to service of process by any means, including the method of last resort—publication. Neither counsel's declaration in support of the order for publication nor the order itself contains any facts to demonstrate that respondent was ever outside the court's jurisdiction.

Appellant relies on *Quaranta* v. *Merlini, supra,* in which the defendant was an Italian citizen and resident who was alleged to have caused an

accident while operating a rental car in San Francisco. Plaintiffs were unsuccessful in their attempts to locate defendant and serve him in Italy under the Hague Service Convention. (20 U.S.T. 361-373, T.I.A.S. 6638.) Plaintiffs finally applied for and were granted an ex parte order for publication of summons after the three-year statute had expired, the trial court initially concluding that defendant could not have been served with reasonable diligence in any other manner. However, the trial court granted the defendant's subsequent motion to dismiss for failure to serve within three years, stating that defendant had in fact been amenable to service, and also that plaintiffs could have served him by publication within the three-year period. The Court of Appeal reversed, relying on *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489], for the principle that the trial court's initial "implied finding that [defendant] was not amenable to process [stood] as a binding adjudication" of that issue. (*Quaranta* v. *Merlini, supra,* 192 Cal.App.3d at p. 29.)

The *Wyoming Pacific* case involved former section 581a, which excused failure to serve within three years when defendants were absent from the state or secreting themselves within the state to avoid service. In *Wyoming Pacific* the plaintiff obtained an order for service by publication premised on the finding "that defendant [ ] was concealing himself to avoid service." (*Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d at p. 739.) The Supreme Court held that the ex parte finding that the defendant was concealing himself to avoid service " '*is to be regarded with the same effect as is [the trial court's] decision upon any other matter of fact submitted to [its] judicial determination.*' " (*Ibid.*) The court then proceeded to note that a valid ex parte order can be vacated only upon a showing of inadvertence, mistake or fraud, that defendant had failed to demonstrate any of those factors, and had not "directly challenged the finding of concealment" or moved to set the order of publication aside. (*Id.,* at p. 740.) Consequently, the court ruled, the publication order stood "as a binding adjudication" of the fact of *concealment. (Ibid.)* There was no determination of jurisdiction or the defendant's amenability to process, since that was never at issue.

In the instant case respondent was served by publication after the three-year period for service established by section 583.210 had expired. The current controlling statute does not excuse failure of service within three years based on defendants' absence from the state or concealment, but only when they are not amenable to the court's process. Consequently, upon respondent's motion to dismiss, appellant was required to demonstrate that respondent "was not amenable to the process of the court[ ]" (§ 583.240, subd. (a)) during some portion of the applicable three-year period. Appellant's declaration in support of her order of publication does not suggest that

respondent was not amenable to process. To the contrary, it implies that she was amenable to service by publication. It follows, therefore, that the order of publication does not stand as a "binding adjudication" that respondent was not amenable to process, and constituted no impediment to her motion to dismiss for untimely service.

Since the record contains no evidence to suggest that respondent was ever not amenable to process during any relevant time period, dismissal was mandatory under section 583.250.

The judgment is affirmed.

Peterson, P. J., and King, J., concurred.