[No. S035808. July 6, 1995.]

DOYLE WATTS et al., Plaintiffs and Appellants, v.
GERTRUDE CRAWFORD, Defendant and Respondent.

**COUNSEL**

Carey & Carey, Jerry Y. Fong, Daniel S. Gonzales and John G. Downing for Plaintiffs and Appellants.

Coughlin & Paxton, Coughlin, Paxton & Pipal and James M. Paxton for Defendant and Respondent.

## OPINION

**GEORGE, J.**—Under governing statutes, a plaintiff is required to serve a defendant with the summons and complaint within three years of filing the complaint in order to avoid a dismissal. (Code Civ. Proc., §§ 583.210, subd. (a), 583.250.)[1] Section 583.240 provides, however, for the tolling of the three-year period under a number of specified circumstances. The issue in the case before us involves the proper interpretation of the provision in section 583.240, subdivision (a), that requires tolling of the three-year period for the time during which "[t]he defendant was not amenable to the process of the court."

In particular, we must resolve a conflict in decisions of the Courts of Appeal that have considered the question whether a trial court finding that a defendant "cannot with reasonable diligence be served [in a manner other than by publication of the summons]"—a finding that is required to be made in any order authorizing service of summons by publication pursuant to section 415.50—is the equivalent of a determination that the defendant "was not amenable to the process of the court" for purposes of the tolling provision of section 583.240, subdivision (a). Plaintiffs, relying upon the decision in *Quaranta* v. *Merlini* (1987) 192 Cal.App.3d 22 [237 Cal.Rptr. 179], contend that a trial court finding that a defendant cannot with reasonable diligence be served by means other than publication establishes that the defendant was not amenable to the process of the court within the meaning of section 583.240, subdivision (a). Defendant, relying upon the conflicting decision in *Perez* v. *Smith* (1993) 19 Cal.App.4th 1595 [24 Cal.Rptr.2d 186], contends that there is a significant difference between the two concepts, and that a trial court order authorizing service by publication is insufficient to establish that the defendant was not amenable to process under section 583.240, subdivision (a).

For the reasons discussed below, we agree with defendant's position and accordingly affirm the judgment of the Court of Appeal, upholding dismissal of the action.

## I

On February 8, 1989, plaintiffs Doyle, Essie, Henry, and Norma Watts filed an action (and recorded a notice of pending action) against defendants

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Gertrude and Jack Crawford, alleging fraud and seeking specific performance of—or damages for the breach of—a contract to sell real property located in this state. A summons was issued on that date.[2] Later that month, plaintiffs mailed the complaint to the attorney (Harry Robertson) who had represented defendant in negotiations concerning the property.

In September 1989, plaintiffs' attorney (Jerry Fong) received a letter from another attorney (James Paxton) who represented defendant, requesting a copy of the complaint and reporting that, although Paxton was unable to appear on defendant's behalf, he would discuss the matter with her following her return from Europe. At that time, Paxton also contacted Fong by telephone, informing him that defendant had not authorized Paxton to accept service of process. In January 1990, Fong received a second letter from Paxton, indicating his desire to conclude the litigation between the parties and, to that end, informally requesting additional information.

In the meantime, plaintiffs endeavored to effect personal service upon defendant. Plaintiffs hired a licensed process server, who, in September 1989, attempted to serve defendant at her last known address. During 1989, the process server sought an updated address for defendant, referring to telephone directories, voter registries, the index of the Department of Motor Vehicles, and the indices of the county recorder's office, and made repeated attempts during the three-year period, using various indices in several counties in the state, to ascertain defendant's address. In 1990, plaintiff Doyle Watts learned from defendant's tenants that, although defendant had resided in a trailer on the property adjacent to the site that is the subject of the present action, she had since moved from that residence. Doyle Watts was unable to obtain from the tenants a new address for defendant. In 1991, the tenants informed Doyle Watts that defendant had an itinerant lifestyle with no permanent residence.

On February 6, 1992, one day prior to expiration of the three-year period following the filing of the complaint, plaintiffs filed an ex parte application for an order directing service of the summons by publication, based upon declarations and other evidence reciting the facts described above. Plaintiffs asserted in points and authorities, filed in support of their request, that "[d]efendants have not been amenable to the process of the Court (they could not be served with process in any other manner through reasonable

[2]Although the action was commenced against both Jack and Gertrude Crawford, and the evidence offered in support of the application for publication of summons reflects plaintiffs' continued efforts to ascertain the whereabouts of both defendants and to serve them, the motion to dismiss the action was filed solely on behalf of Gertrude Crawford. The judgment of dismissal refers to "defendants," but Gertrude Crawford alone filed a respondent's brief. Accordingly, hereafter we shall refer only to the latter defendant.

diligence)." In his declaration, the process server hired by plaintiffs stated: "I have not been able to effectuate service of process in any of the manners set forth in California Code of Civil Procedure, from Section 415.10 to Section 415.30."

The trial court granted the application the same day it was filed. The court's order directing service by publication included an express finding that "said defendant cannot be served with reasonable diligence in any other manner provided in Sections 415.10 through 415.30 of the Code of Civil Procedure. . . ."[3] The order did not contain any reference to defendant's amenability to process. On February 27, 1992, 20 days after expiration of the 3-year period following the filing of the complaint, service by publication commenced. Publication would have been completed on March 26, 1992, three years and forty-eight days after the action was filed.[4]

On April 20, 1992, defendant moved to dismiss the action based upon plaintiffs' failure to serve the summons and complaint within the three-year period mandated by section 583.210, subdivision (a). In support of the motion, defendant's attorney, Paxton, declared that defendant had not appeared previously in the action and had not entered into a stipulation to extend time to serve the summons and complaint, and that Paxton never had received any response from plaintiffs' counsel to Paxton's letter of January 16, 1990.

Plaintiffs opposed defendant's motion upon the basis that the trial court's previous finding in support of the order directing service of the summons by publication—to the effect that defendant could not be served with reasonable diligence by any means other than publication—also constituted a finding that defendant had not been amenable to the process of the court, thus establishing the applicability of the exception (provided by section 583.240, subdivision (a)) to mandatory dismissal for failure to serve a defendant within three years. In opposing defendant's motion, plaintiffs did not produce additional evidence, instead simply relying upon the evidence they produced in support of their previous application, and the Court of Appeal's decision in *Quaranta* v. *Merlini, supra,* 192 Cal.App.3d 22. The trial court granted defendant's motion to dismiss the action and entered an order of dismissal. The Court of Appeal, in a split decision, affirmed the judgment of the trial court dismissing the action. We granted plaintiffs' petition for review.

---

[3]Although the order did not expressly include a reference to section 415.40, it does not appear that defendant resided out of state, and in any event the order implicitly included the finding that service could not be effected pursuant to that section.

[4]Service by publication requires four weeks of weekly publication. It is not complete until the conclusion of the fourth week following the first day of publication. (§ 415.50, subd. (c); see Gov. Code, § 6064.)

## II

Section 583.210, subdivision (a), provides that a summons and complaint "shall" be served upon a defendant within three years after the action is commenced. Section 583.250, in turn, provides that the action "shall" be dismissed if service is not made within the statutorily prescribed time and that the foregoing requirements "are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (*Id.*, subds. (a)(2), (b).)

As noted above, however, section 583.240 delineates a number of circumstances that operate to toll the three-year period in which service must be made. The statute provides in this regard: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The defendant was not amenable to the process of the court. [¶] (b) The prosecution of the action or proceedings in the action was stayed and the stay affected service. [¶] (c) The validity of service was the subject of litigation by the parties. [¶] (d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision." The question presented by this case concerns the proper interpretation of the "condition" set forth in section 583.240, subdivision (a)—namely, that "[t]he defendant was not amenable to the process of the court."

Although the statutory scheme requires the plaintiff to serve the summons and complaint within a strictly defined time limit (subject to the exceptions provided in section 583.240), the governing statutes afford the plaintiff a variety of means by which to effect service upon the defendant. Service may be accomplished by means of personal delivery of the summons and complaint to a party (§ 415.10), by delivery to the business office or dwelling of certain classes of parties (§§ 415.20, 416.10-416.90), by mailing (with an acknowledgment of receipt) to a party (§ 415.30), or, if a party is out of state, by any of the preceding means or by first class mailing, requiring a return receipt (§ 415.40). Finally, if service upon a party by these enumerated means proves impossible, service may be effected through publication, which must be authorized by court order. (§ 415.50.) To obtain an order directing service by publication, section 415.50, subdivision (a), requires a party to establish to the satisfaction of the court in which the action is

pending "that the party to be served *cannot with reasonable diligence be served in another manner* specified in this article . . . ." (Italics added.)[5]

██ Plaintiffs contend that a plaintiff may demonstrate a defendant "was not amenable to the process of the court" within the meaning of section 583.240, subdivision (a), by establishing that the defendant could not, through the exercise of reasonable diligence, be served in a manner other than by publication—the showing required by section 415.50. Plaintiffs concede that the language of the two statutes is not identical, but maintain that the showing required under each statute is substantially the same and, therefore, that evidence establishing a defendant cannot with reasonable diligence be served in a manner other than by publication also establishes as a matter of law that the defendant is not amenable to the process of the court.

As previously noted, plaintiffs rely upon *Quaranta* v. *Merlini, supra,* 192 Cal.App.3d 22. In that case, the complaint alleged that the defendant, a citizen and resident of Italy, caused a vehicular accident while operating a rental automobile in San Francisco. The plaintiffs were unsuccessful in their attempts to locate the defendant and serve him in Italy under the provisions of The Hague Service Convention. After expiration of the statutory three-year period, the plaintiffs sought and were granted an ex parte order for

---

[5]If a defendant's address is ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort. (*Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652]; Comment, *In Personam Jurisdiction in California* (1970) 1 Pacific L.J. 671, 692; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 795, p. 786.) The means of service described in sections 415.10 through 415.40 "make service by publication unnecessary except where a defendant's whereabouts and his dwelling house or usual place of abode, etc. cannot be ascertained with reasonable diligence . . . . [¶] The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. (See *Vorburg* v. *Vorburg* [(1941) 18 Cal.2d 794,] 797; *Stern* v. *Judson* (1912) 163 Cal. 726, 736. . . ; *Rue* v. *Quinn* [(1902) 137 Cal. 651,] 657.) A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location], generally are sufficient. These are the likely sources of information, and consequently must be searched before resorting to service by publication." (Judicial Council of Cal., Ann. Rep. (1969) pp. 48-49; 3 Witkin, Cal. Procedure, *supra*, Actions, §§ 789-790, pp. 782-783; see Note, *Statutory Construction Problems* (1970) 21 Hastings L.J. 1303, 1310.) "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice. (See *Donel, Inc.* v. *Badalian* (1978) 87 Cal.App.3d 327, 332 [150 Cal.Rptr. 855]; Judicial Council of Cal. com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 415.50, p. 563.)" (*Espindola* v. *Nunez* (1988) 199 Cal.App.3d 1389, 1392-1393 [245 Cal.Rptr. 596].)

publication of summons. Subsequently, the trial court granted the defendant's motion to dismiss the action, because the plaintiffs had failed to serve the complaint within three years. (*Id.* at pp. 25-26.)

The appellate court in *Quaranta* v. *Merlini*, *supra*, 192 Cal.App.3d 22, concluded that the trial court's finding that the defendant could not "with reasonable diligence be served in another manner . . . ," pursuant to section 415.50, also established that the defendant was not amenable to the process of the court within the meaning of former section 581a (the statutory predecessor of section 583.240, subdivision (a)), and therefore held that the trial court had abused its discretion in dismissing the action for failure to effect service within three years. (192 Cal.App.3d at pp. 29-30.) As defined by the Court of Appeal in *Quaranta*, a defendant is "amenable to process" only if, through the plaintiff's exercise of reasonable diligence, a possibility exists of serving the defendant in a manner other than by publication. The Court of Appeal in *Quaranta* held that the facts presented in support of the plaintiffs' application for an order for publication demonstrated that, despite the plaintiffs' exercise of reasonable diligence, no possibility existed of service in another manner. (*Id.* at p. 30.)

Defendant, on the other hand, relies upon *Perez* v. *Smith*, *supra*, 19 Cal.App.4th 1595, in which the plaintiff similarly served the defendant by publication more than three years after the complaint was filed and the trial court subsequently granted the defendant's motion for dismissal. The Court of Appeal in *Perez* concluded that a defendant's lack of "amenab[ility] to the process of the court" refers to a concept other than the plaintiff's inability, after the exercise of reasonable diligence, to serve the defendant by means other than publication. The court in *Perez* equated the determination that a defendant is "not amenable to process" with a finding that the defendant is "outside the jurisdiction of the court." (*Id.* at p. 1598.)

The court in *Perez* observed that ". . . a finding that a defendant cannot, despite reasonable diligence, be served by one of the preferable methods, i.e., in person, by mail, or by substituted service (§§ 415.10-415.30), is not tantamount to a finding that a defendant is outside the jurisdiction of the court. Service by publication presupposes the defendants are subject to the court's jurisdiction and is employed only after the plaintiff has exhausted all other avenues to discover their whereabouts. However, so long as defendants remain within the jurisdiction of the court they are amenable to service of process by any means, including the method of last resort—publication. Neither counsel's declaration in support of the order for publication nor the order itself contains any facts to demonstrate that respondent was ever outside the court's jurisdiction." (*Perez* v. *Smith*, *supra*, 19 Cal.App.4th

1595, 1598.) The Court of Appeal in the present case arrived at a similar conclusion.

Our task in the present case is to resolve the conflict between the *Quaranta* and *Perez* decisions with regard to the proper interpretation of the phrase "defendant was not amenable to the process of the court" as employed in section 583.240, subdivision (a). Plaintiffs' position is that the phrase at issue signifies that the defendant was not reasonably available for service of process (by a means other than publication). Defendant's position is that the phrase indicates the defendant was not subject to service of process—in the sense that service upon the defendant was either constitutionally or statutorily unauthorized.

When a statute is ambiguous, as in this case, we typically consider evidence of the Legislature's intent beyond the words of the statute, and examine the history and background of the statutory provision in an attempt to ascertain the most reasonable interpretation of the measure. (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 828 [25 Cal.Rptr.2d 148, 863 P.2d 218].) The statute before us does not itself define the term "amenable to the process of the court," and the meaning of that term is not self-evident.[6]

## A.

The language here at issue first was added in 1970 to the California statutes pertaining to service of process, as part of a broad legislative effort, in the late 1960's and early 1970's, to revise California statutes governing jurisdiction and service of process, in order to incorporate modern concepts of state court jurisdiction reflected in a number of leading decisions by the United States Supreme Court over the preceding decades. (See, e.g., *Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Travelers Health Assn.* v. *Virginia* (1950) 339 U.S. 643 [94 L.Ed. 1154,

---

[6]Black's Law Dictionary (5th ed. 1979), at page 74, defines "amenable" as: "Subject to answer to the law; accountable; responsible; liable to punishment." Section 17, subdivision 6, states that the word "process" signifies "a writ or summons issued in the course of judicial proceedings." Such process may be civil or criminal and "includes all writs, warrants, summons, and orders of courts of justice, or judicial officers." (Gov. Code, § 26660; 3 Witkin, Cal. Procedure, *supra*, Actions, § 710, p. 725.) "Thus the concept of 'process' embraces a number of quite different matters, having distinct purposes; e.g., to commence a legal proceeding and acquire jurisdiction over a person or thing, to enforce a provisional or extraordinary remedy, to carry out or make effective some judgment or direction of a court, etc. [Citations.]" (3 Witkin, Cal. Procedure, *supra*, Actions, § 710, at pp. 725-726.)

70 S.Ct. 927]; *Mullane* v. *Central Hanover Tr. Co., supra,* 339 U.S. 306, 314 [94 L.Ed.2d 865, 873]; *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057]; see generally, Judicial Council of Cal., Ann. Rep., *supra,* p. 27; Comment, *In Personam Jurisdiction in California, supra,* 1 Pacific L.J. 671, 672.)[7]

Prior to the advent of this line of mid-20th century decisions, the governing United States Supreme Court opinion had held that, as a general rule, a state could obtain "personal jurisdiction" over a defendant, so as to support a personal judgment against the defendant, only if the summons and complaint physically were delivered to the defendant personally while the defendant was in the state (*Pennoyer* v. *Neff* (1878) 95 U.S. 714 [24 L.Ed. 565]), and many of the California statutes pertaining to jurisdiction and service of process that still were in effect in the late 1960's had been drafted in light of that antiquated jurisdictional requirement. Prior to the 1970 amendment, former section 581a reflected the significance that the *Pennoyer* rule attached to personal service of a complaint upon the defendant within the state, providing in part that "no dismissal shall be had [for failure to serve within three years of filing of the complaint] because of the failure to serve summons on [defendant] during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him." (Stats. 1955, ch. 1452, § 5, p. 2641; e.g., *Griffin* v. *Bray* (1968) 262 Cal.App.2d 357, 361 [68 Cal.Rptr. 649]; *Bank of America* v. *Biren* (1957) 156 Cal.App.2d 368, 370-371 [319 P.2d 704].) As Witkin explains: "The purpose of [the pre-1970 version of former section 581a] was twofold: (a) To cover the situation where a *resident defendant,* by fraudulently *concealing* or *absenting* himself, could prevent personal jurisdiction; and (b) to avoid forcing the plaintiff to serve a *nonresident defendant* by publication, where he had no property in the state to constitute a basis for quasi in rem jurisdiction, and no personal judgment could be obtained. [Citations.]" (6 Witkin, Cal. Procedure, *supra,* Proceedings Without Trial, § 112, pp. 420-421, italics in original; see *Sylvestre* v. *King Mfg. Co.* (1967) 256 Cal.App.2d

---

[7]Former section 581a read, in pertinent part: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action. [¶] . . . [¶] (d) The time during which *the defendant was not amenable to the process of the court* shall not be included in computing the time period specified in this section." (Stats. 1970, ch. 582, § 1, pp. 1158-1159, italics added.)

236, 239 [64 Cal.Rptr. 4]; accord, *Carmichael* v. *Superior Court* (1942) 55 Cal.App.2d 406, 408 [130 P.2d 725].)[8]

In 1970, however, as part of the broad revision of the statutes governing jurisdiction and service of process to reflect more modern concepts of jurisdiction,[9] the references to tolling the three-year period for service of process on the basis of the defendant's absence from or concealment within the state were deleted from former section 581a, and replaced, among others, by the provision excluding (from computation of the three-year period) the time in which a "defendant was not amenable to the process of the court." Thereafter, in 1984, when former section 581a was repealed in the course of a comprehensive reorganization of the dismissal statutes, that phrase was retained in section 583.240, subdivision (a). (Stats. 1984, ch. 1705, § 5 p. 6178; *Perez* v. *Smith, supra,* 19 Cal.App.4th 1595, 1598; 6 Witkin, Cal. Procedure, *supra,* Proceedings Without Trial, § 112, p. 422.)

## B.

In ascertaining the legislative intent in so modifying the statute (§ 1859), we commence with the general proposition, derived from established principles of statutory construction, that a material alteration in the phrasing of a statute signals the Legislature's intent to give the enactment a new meaning. (*Nahrstedt* v. *Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 380 [33 Cal.Rptr.2d 63, 878 P.2d 1275]; *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 534, fn. 5 [105 Cal.Rptr. 330, 503 P.2d 1338]; see also *People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129, 133-136 [92 Cal.Rptr. 828].) The legislative history of a statute, as well as the wider historical circumstances of its enactment, may be considered in ascertaining legislative intent. (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System, supra,* 6 Cal.4th 821, 828; *DuBois* v. *Workers'*

[8]Former section 412 et seq. then permitted service by publication if a party was a nonresident, could not through the exercise of due diligence be found within the state, or had concealed himself or herself to avoid service of summons.

[9]For example, in 1969 the Legislature enacted the comprehensive Jurisdiction and Service of Process Act (hereafter the Act) (Stats. 1969, ch. 1610, § 3, p. 3363), declaring that a court of this state may exercise jurisdiction on any basis not inconsistent with the state or federal Constitutions (§ 410.10), that subject to certain statutory exceptions the court in which an action is pending has jurisdiction over a party from the time summons is served upon the party as provided in chapter 4 of the Act (inclusive of §§ 415.10-415.50, delineating all methods of service, including service by publication; § 410.50, subd. (a)), and that such jurisdiction continues throughout subsequent proceedings in the action (§ 410.50, subd. (b)). The Act "expanded the methods of substituted service to permit service on a defendant outside the state, and also to authorize service by mail and by leaving process at the defendant's home or office," also authorizing service by publication when a defendant could not with reasonable diligence be served in any other specified manner. (6 Witkin, Cal. Procedure, *supra,* Proceedings Without Trial, § 112, p. 421.)

*Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 393-394 [20 Cal.Rptr.2d 523, 853 P.2d 978]; *Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268 [284 Cal.Rptr. 718, 814 P.2d 704].)

Unfortunately, the legislative materials accompanying the 1970 amendment to the three-year mandatory dismissal statute do not illuminate the Legislature's intent in modifying former section 581a to exclude from computation of the statutory three-year period the time during which the defendant "was not amenable to the process of the court."[10] Thus, we must ascertain the common usage of that phrase from decisional law and other sources (see *Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 608-609 [189 Cal.Rptr. 871, 659 P.2d 1160] [in the absence of a clear indication that a different usage was intended, the court must construe words in accordance with their commonly understood meaning]; see also *Stafford*

---

[10]In concluding that the Legislature in former section 581a intended to refer to a court's jurisdiction over the defendant, rather than to the defendant's availability for service of process, the court in *Perez* relied upon the circumstance that, at the time "the 1970 amendment was submitted to the Legislature for final passage, the Legislative Counsel's digest accompanying it stated that the amended statute '[e]xcludes, from computation of time period after which action may be dismissed for want of prosecution, time during which defendant was not amenable to process of court and during which *jurisdiction of court to try action is suspended*, rather than time during which defendant was absent from state or concealed therein, his whereabouts unknown to plaintiff and not discoverable to plaintiff upon due diligence. . . .' (Legis. Counsel's Dig., Sen. Bill No. 575, 3 Stats. 1970 (Reg. Sess.) Summary Dig., p. 80, italics supplied.)" (*Perez* v. *Smith, supra*, 19 Cal.App.4th 1595, 1598.)

As plaintiffs have pointed out, the reliance by the court in *Perez* upon this language was misplaced. In 1970, as part of the same legislation in which former section 581a, subdivision (d), was added to provide that "[t]he time during which the defendant was not amenable to the process of the court shall not be included in computing" the three-year period *for service of process* (Stats. 1970, ch. 582, § 1, p. 1159), former section 583, subdivision (d), also was added, providing that "[t]he time during which the defendant was not amenable to the process of the court *and the time during which the jurisdiction of the court to try the action is suspended* shall not be included in computing the time period specified in this section" *for bringing the action to trial.* (Stats. 1970, ch. 582, § 2, p. 1160, italics added.) The Legislative Counsel's Digest comment cited in *Perez* initially described the effect of the proposed amendments to former section 581a, and then described the effect of the proposed amendments to former section 583, pertaining to dismissal of an action after five years for *want of prosecution.*

Considering the legislation as a whole, it is clear that, in discussing the suspension of the court's jurisdiction to try the action, the Legislative Counsel was referring to the proposed amendment to *former section 583*, subdivision (d) (simply paraphrasing the exact wording), that expressly referred to suspension of jurisdiction, and *not* to the proposed amendment to *former section 581a* concerning amenability to process. Accordingly, the language in former section 583 referring to the suspension of the court's jurisdiction, having no counterpart in former section 581a, does not provide any basis for construction of the phrase "amenable to the process of the court" in former section 581a and its successor statute. The minimal explanation of the language referring to the suspension of jurisdiction in former section 583 provided by the Legislative Counsel is not determinative in our inquiry into the legislative intent in adopting the phrase "amenable to the process of the court" as employed in former section 581a (and now current section 583.240, subdivision (a)).

v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241] [in enacting a statute, the Legislature is presumed to have knowledge of existing judicial decisions and to have acted in light of those decisions]), in order to determine whether the Legislature intended that the phrase connote that a defendant is *not reasonably available for service of process* by a means other than by publication—or rather that a defendant is *not subject to the process of the court.*

An examination of appellate opinions in this state predating the Legislature's employment of the phrase "amenable to process," in its redefinition of the permissible exclusions from the calculation of the statutory period in which service must be accomplished, reveals that this and related phrases commonly were employed to refer to the state's *jurisdictional* authority, whether constitutional or statutory, with regard to a particular defendant. Such examination affords clear support for the conclusion that the Legislature intended thereby to refer to the state's *authority to exercise jurisdiction over a defendant,* i.e., the determination whether he or she is *subject to being served,* rather than to the reasonable availability of that defendant for service of process.

For example, in *West Publishing Co.* v. *Superior Court* (1942) 20 Cal.2d 720 [128 P.2d 777], we observed that "it is not *any* activity of a corporation in a state other than that of its residence which will justify the conclusion that it is 'doing business' there, so as to make it amenable to process there, but it is the combination of local activities conducted by such foreign corporation—their manner, extent and character—which becomes determinative of the jurisdictional question." (*Id.* at p. 728, italics in original.) In *Frey & Horgan Corp.* v. *Superior Court* (1936) 5 Cal.2d 401, 405 [55 P.2d 203], we concluded that a plaintiff could obtain extraterritorial jurisdiction over a defendant by serving the defendant outside the state if the latter entered into an agreement to that effect with the plaintiff, and thereby "consented to be amenable to process so served." (See also *Cosper* v. *Smith & Wesson Arms Co.* (1959) 53 Cal.2d 77, 80, 84 [346 P.2d 409] [claim that the defendant was not amenable to process (or to service of process) was rejected; contacts with the state were sufficient to justify the exercise of our jurisdiction over the defendant]; *Henry R. Jahn & Son* v. *Superior Court* (1958) 49 Cal.2d 855, 858-859, 862 [323 P.2d 437] [same].)

Moreover, we repeatedly employed or recognized a somewhat broader reference to amenability to *suit,* in decisions focusing upon whether a defendant's contacts with the state were sufficient to authorize the state's exercise of personal jurisdiction over the defendant. (See, e.g., *Owens* v. *Superior Court* (1959) 52 Cal.2d 822, 828-832 [345 P.2d 921, 78 A.L.R.2d

388] [personal jurisdiction could be exercised over an out-of-state defendant who was domiciled in state at the time the cause of action arose; amenability to suit in the state is a responsibility arising from an individual's domicile in the state]; *McDonald* v. *Superior Court* (1954) 43 Cal.2d 621, 623 [275 P.2d 464] [purpose of former Vehicle Code section permitting substituted service upon director of Department of Motor Vehicles was to render nonresidents using vehicles on California highways amenable to suit in this state]; 40 Cal.Jur.2d (1958) Process, § 59, pp. 83-84.)

Similarly, numerous decisions of the Courts of Appeal have employed the phrase "amenable to process" and related phrases to refer to the state's authority to exercise personal jurisdiction. (See, e.g., *Raynolds* v. *Volkswagenwerk Aktiengesellschaft* (1969) 275 Cal.App.2d 997, 1001-1002 [80 Cal.Rptr. 610] [if a foreign corporation actually is doing business in California, it is amenable to service in the state]; *DaSilveira* v. *Westphalia Separator Co.* (1967) 248 Cal.App.2d 789, 790 [57 Cal.Rptr. 62] [a foreign corporation not having minimum contacts is not "doing business" within the meaning of the statute permitting service on foreign corporations, and therefore is not amenable to process and jurisdiction of the California courts]; *Harry Gill Co.* v. *Superior Court* (1965) 238 Cal.App.2d 666, 667, 670, 674-675 [48 Cal.Rptr. 93]; *H. Liebes & Co.* v. *Erica Shoes, Inc.* (1965) 237 Cal.App.2d 25, 27, 31-34 [46 Cal.Rptr. 470]; *Detsch & Co.* v. *Calbar, Inc.* (1964) 228 Cal.App.2d 556, 564, 570 [39 Cal.Rptr. 626]; *Buckner* v. *Industrial Acc. Com.* (1964) 226 Cal.App.2d 619, 623-624 [38 Cal.Rptr. 332]; *Florence Nightingale School of Nursing* v. *Superior Court* (1959) 168 Cal.App.2d 74, 84 [335 P.2d 240]; *Gordon Armstrong Co.* v. *Superior Court* (1958) 160 Cal.App.2d 211, 216-218 [325 P.2d 21]; *Jeter* v. *Austin Trailer Equipment Co.* (1953) 122 Cal.App.2d 376, 382, 386-388 [265 P.2d 130]; *Martin Bros. Elec. Co.* v. *Superior Court* (1953) 121 Cal.App.2d 790, 793 [264 P.2d 183].)[11]

The phrases "amenable to process" and "amenable to service" (as well as the more general phrase "amenable to suit"), in California decisions predating the Legislature's employment of the phrase "amenable to the process of

---

[11]We observe that, in general, decisions by this court and the Courts of Appeal postdating the enactment of the relevant statute clearly have perpetuated the foregoing connotation of the foregoing phrase and similar phrases. For example, in *Dew* v. *Appleberry* (1979) 23 Cal.3d 630 [153 Cal.Rptr. 219, 591 P.2d 509], we determined that the relevant statute of limitations was tolled pursuant to section 351 when the defendant was absent from the state, despite the circumstance that he was amenable to service of process during the period of his absence. (23 Cal.3d at p. 632.) In that case, we noted that the expanded methods of service (including service by publication) permitted the court to enter a personal judgment against even an absent defendant, whom we described as being amenable to jurisdiction or process. (*Id.* at pp. 634-636 & fn. 10; see, e.g., *Wolfe* v. *City of Alexandria* (1990) 217 Cal.App.3d 541, 545 [265 Cal.Rptr. 881]; *Cardoso* v. *American Medical Systems, Inc.* (1986) 183 Cal.App.3d 994, 999 [228 Cal.Rptr. 627]; see also Cal. Practice Guide: Weil & Brown, Civil Procedure Before Trial 3 (The Rutter Group 1994) ¶ 11:97.2, p. 11-38 ["A defendant who has 'minimum

the court" in former section 581a, were derived, in turn, from the use of such phrases by the United States Supreme Court in referring to the authority of a state to exercise personal jurisdiction over a party. (See, e.g., *McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223-224 [2 L.Ed.2d 223, 226-227] [upholding California statute providing for service on an out-of-state corporation on the basis that the corporation had entered into an insurance agreement with, and collected premiums from, a California resident, and therefore had sufficient minimum contacts rendering it amenable to suit in California]; *Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 311, 314, 318 [90 L.Ed. 95, 99, 100-101, 103] [the defendant's sales activities rendered it amenable to suit or other proceedings in the plaintiff's state pursuant to the due process clause of the 14th Amend.]; *National Bank* v. *Republic of China* (1955) 348 U.S. 356, 359-360 [99 L.Ed. 389, 396-397, 75 S.Ct. 423] [commenting upon the expansion of the government's amenability to suit and to judicial process]; *Gulf Oil Corp.* v. *Gilbert* (1947) 330 U.S. 501, 506-507 [91 L.Ed. 1055, 1061-1062, 67 S.Ct. 839] [observing that the doctrine of forum non conveniens *presupposes* at least two forums in which the defendant is amenable to process, and *furnishes* criteria for the choice between them]; *Milliken* v. *Meyer* (1940) 311 U.S. 457, 463-464 [85 L.Ed. 278, 283-284, 61 S.Ct. 339, 132 A.L.R. 1357] [state had jurisdiction where pursuant to statute the defendant personally was served out of state in lieu of service by publication; citizenship, arising out of domicile in the state where the action was commenced, creates certain responsibilities, including amenability to suit therein].) Indeed, "amenability to suit" has been employed as an antonym to the notion of immunity from suit conferred upon certain entities. (See, e.g., *National Bank* v. *Republic of China, supra,* 348 U.S. 356, 359-360 [99 L.Ed. 389, 396-397]; *F.H.A.* v. *Burr* (1940) 309 U.S. 242, 245 [84 L.Ed. 724, 728-729, 60 S.Ct. 488] [a federal agency statutorily empowered to "sue or be sued" is presumed to be amenable to judicial process because the statute constituted a waiver of sovereign immunity].)[12]

Accordingly, it is patent that, as that phrase commonly was employed in the decisional law of this and other jurisdictions, as well as in other sources,

---

contacts' with California is subject to California personal jurisdiction. In such cases, defendant is 'amenable to process' because *defendant can be served outside* the state." (Italics in original.)].)

[12]Moreover, this "jurisdictional" characterization of the statutory phrase has continued in the more recent decisions of the high court. (See, e.g., *Omni Capital Int'l.* v. *Rudolf Wolff & Co.* (1987) 484 U.S. 97, 102-104 [98 L.Ed.2d 415, 422-424, 108 S.Ct. 404] [the defendant's amenability to service of process is dependent not only upon exercise of personal jurisdiction comporting with due process of law and adequate notice, but also upon the existence of a statute or rule authorizing such service]; *Franchise Tax Board of California* v. *USPS* (1984) 467 U.S. 512, 515-516, 524-525 [81 L.Ed.2d 446, 450-451,455-456, 104 S.Ct. 2549] [postal service, conceding amenability to judicial process of state court but asserting immunity from administrative process of Franchise Tax Board, was held amenable to administrative process]; *Puyallup Tribe* v. *Washington Game Dept.* (1977) 433 U.S. 165, 171 [53 L.Ed.2d 667, 673, 97 S.Ct. 2616] [noting that, regardless of tribal sovereign immunity, individual members of the tribe were amenable to the process of the courts of the State of Washington regarding fishing

an inquiry into whether a party was "amenable to process" would refer to an examination of whether that party was *subject to being served* under applicable constitutional and statutory provisions. Nothing in the several Court of Appeal decisions construing the amendment of former section 581a persuades us that the phrase "amenable to the process of the court" was intended to, or should, refer instead to a defendant's reasonable availability, as a practical matter, for service of process.

In *Polony* v. *White* (1974) 43 Cal.App.3d 44 [117 Cal.Rptr. 341], the court essentially construed the foregoing phrase to mean that the defendant was not subject to service of process. In that case, the defendant died before the plaintiff was able to serve him. At the time the motion was made to dismiss the action pursuant to former section 581a for failure to serve the defendant within three years after commencement of the action, the estate had not been probated, and no personal representative yet had been appointed upon whom service could be made. The court concluded that, pursuant to the exception applicable where the defendant was not amenable to the process of the court, the statutory period was tolled during the time in which no personal representative had been appointed, because the court at that time lacked jurisdiction over the defendant. (43 Cal.App.3d at p. 48; see also, *Graf* v. *Gaslight* (1990) 225 Cal.App.3d 291, 296 [274 Cal.Rptr. 759];[13] cf. 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 250, p. 645 [if a plaintiff or a defendant died before the action commenced, he or she never was a party, i.e., the court never acquired jurisdiction over the person].)[14]

---

activities off the reservation].) The lower federal courts have employed the phrase and related phrases in similar fashion. (See, e.g., *Brink's Mat Ltd.* v. *Diamond* (11th Cir. 1990) 906 F.2d 1519, 1522-1523 [either federal or state statutory authorization for amenability to service of process satisfies requirements for personal jurisdiction]; *Max Daetwyler Corp.* v. *R. Meyer* (3d Cir. 1985) 762 F.2d 290, 295-296 [if federal question arises pursuant to a federal statute silent as to service of process, both the assertion of jurisdiction and the service of process must be reviewed by state amenability standards]; *D.J. Investments* v. *Metzeler Motorcycle Tire* (5th Cir. 1985) 754 F.2d 542, 546-547; see also 4 Wright & Miller, Federal Practice & Procedure (1987) Service of Process—Jurisdiction, § 1075, pp. 478-499.) Numerous courts in other states have employed the phrases to refer to the power of a sovereignty to exercise personal jurisdiction over a particular entity. (See, e.g., *Connelly* v. *Uniroyal, Inc.* (1979) 75 Ill.2d 393, 405 [27 Ill.Dec. 343, 389 N.E.2d 155]; *Cutino* v. *Ramsey* (1985) 285 S.C. 74, 75 [328 S.E.2d 72, 73]; *Rudd* v. *Crown International* (1971) 26 Utah 2d 263, 267 [488 P.2d 298, 300-301.)

[13]The language in *Graf* v. *Gaslight, supra*, 225 Cal.App.3d 291, 296, suggesting that tolling is permitted pursuant to current section 583.240, subdivision (a), due to a defendant's absence from the state or concealment within the state to avoid service, is hereby disapproved.

[14]The conclusion that a determination of "amenability to process" turns upon whether a defendant is subject to being served, rather than whether the defendant reasonably is available for service of process, is reinforced by the analogous interpretation of a similar phrase in the former subdivision providing a tolling of the statute mandating dismissal for failure to bring an action to trial within five years (former § 583.) In *Wills* v. *Williams* (1975) 47 Cal.App.3d 941, 946 [121 Cal.Rptr. 420], interpreting former section 583, subdivision (f), the court

By contrast, the line of decisions preceding the determination in *Quaranta v. Merlini, supra*, 192 Cal.App.3d 22, 30, that a defendant's amenability to process may be equated with the defendant's reasonable availability for service of process, provides only doubtful support for that conclusion. The court in *Quaranta* relied upon its earlier decision in *Adelson v. Hertz Rent-A-Car* (1982) 133 Cal.App.3d 221 [183 Cal.Rptr. 779], which held that the plaintiff failed to establish that the defendant was not amenable to process, because the plaintiff had little difficulty serving the defendant in Canada (§ 413.10), even though the defendant had married, changed her surname, and moved. (133 Cal.App.3d at p. 228.) The court in *Adelson*, citing *Buchanan v. Buchanan* (1979) 99 Cal.App.3d 587 [160 Cal.Rptr. 577], *Evartt v. Superior Court* (1979) 89 Cal.App.3d 795 [152 Cal.Rptr. 836], and *Ostrus v. Price* (1978) 82 Cal.App.3d 518 [146 Cal.Rptr. 922], stated: "Where there are procedures by which a defendant may be served, and, through the exercise of reasonable diligence, the possibility of effecting that service exists, the defendant cannot be considered 'not amenable to process.'" (*Adelson v. Hertz Rent-A-Car, supra*, 133 Cal.App.3d at pp. 226-227.) The cases relied upon, however, are not authority for the conclusion therein asserted.

In *Ostrus v. Price, supra*, 82 Cal.App.3d 518, the court concluded that the defendant *was* amenable to process because the plaintiffs could have served the defendant, who was absent from the state, either pursuant to section 415.40 (service out of state) or Vehicle Code section 17461, and, therefore, former section 581a was not tolled pursuant to then existing subdivision (d). (82 Cal.App.3d 518, 524.) The court then determined whether to apply any express or implied exceptions (e.g., general appearance, impossibility of service) to former section 581a, noting that that section, as amended by then existing subdivision (d), required more diligence on the part of the plaintiff than did its statutory predecessor. The court concluded that none of the express or implied exceptions applied, and that due to a lack of diligence the plaintiff simply had failed to serve the defendant. (82 Cal.App.3d at p. 525.)

It is clear that the court in *Ostrus* did *not* equate a finding of amenability to process with a finding that the defendant reasonably was available for

concluded that the statutory five-year period did not include the time following the death of the defendant during which his estate was not probated and no personal representative had been appointed, because the court's jurisdiction was suspended during that time. Analogizing to the similar situation in *Polony v. White, supra*, 43 Cal.App.3d 44, the court determined that the phrase "not amenable to process," as employed in former section 583, subdivision (f), encompassed any procedural requirement that must be met before a court may obtain or regain jurisdiction. (47 Cal.App.3d at p. 946; see *Herring v. Peterson* (1981) 116 Cal.App.3d 608, 612-613 [172 Cal.Rptr. 240]; see also *Pham v. Wagner Litho Machinery Co.* (1985) 172 Cal.App.3d 966, 969-972 & fn. 9 [218 Cal.Rptr. 476].)

service through the exercise of reasonable diligence, even though it noted generally that former section 581a—no longer permitting a tolling of the statutory three-year period simply because a defendant was absent from the state—required more diligence on the part of a plaintiff. Presumably the court concluded that greater diligence was required because expansion of the methods of service increased the plaintiff's burden by requiring attempts at service by means in addition to attempted personal delivery of the summons and complaint within three years. Moreover, the court's conclusion that former section 581a was not tolled for lack of amenability to process, because the defendant could have been served pursuant to either section 415.40 or Vehicle Code section 17461, suggests that the court would have considered the defendant amenable to process as long as she could have been served by *any* method of service provided in the Act (including service by publication).

In *Evartt* v. *Superior Court, supra,* 89 Cal.App.3d 795, the court considered whether the plaintiff had exercised reasonable diligence in attempting to accomplish in-person service before she effected "abode service" upon the defendant pursuant to section 415.20, subdivision (b). That subdivision *expressly requires* reasonable diligence in attempting personal service before substituted abode service is permitted. The court determined that the plaintiff's failure to attempt service during two years and three hundred sixty-three days of the statutory three-year period, despite the plaintiff's apparent knowledge of the location of the defendant's residence, demonstrated a lack of diligence. (89 Cal.App.3d at pp. 799-802.) The court then concluded that the plaintiff had failed to demonstrate that the defendant was not amenable to process within the meaning of former section 581a, and held that the defendant was entitled to dismissal. (89 Cal.App.3d at p. 802.) The court did not refer to reasonable diligence in considering whether the defendant was amenable to service of process, but did so only in discussing the express requirements of section 415.20. (89 Cal.App.3d at p. 802.)

In *Buchanan* v. *Buchanan, supra,* 99 Cal.App.3d 587, the plaintiff wife (a passenger) filed an action against her husband (the driver) for personal injuries allegedly received in an automobile accident. Approximately six months later, the defendant husband, apparently together with the plaintiff wife, moved to Jamaica and continued to reside there during the remainder of the statutory three-year period. The court held that former section 581a was not tolled by the defendant husband's purported lack of amenability to process, because he might have been served pursuant to section 415.30 (service by mail), section 415.40 (service out of state), or Vehicle Code sections 17460 and 17461. (99 Cal.App.3d at pp. 592-594.) The court did not employ a standard of reasonable diligence in its determination of the defendant's amenability to service of process. (*Ibid.*)

Therefore, the line of decisions preceding *Quaranta* generally does not support its examination of reasonable diligence in determining amenability to process. The earlier decisions are not authority for the conclusion that a defendant is unamenable to service of process if he or she is not reasonably available for service of process.

As we have seen, the statutory history and common usage of the phrase "amenable to process" indicate that it refers to the susceptibility of a defendant to being sued, and the prior appellate decisions do not plausibly refute that interpretation. Accordingly, we hold that the finding that defendant was not reasonably available for service of process, other than by publication, was not the equivalent of a finding that defendant was not amenable to the process of the court within the meaning of section 583.240, subdivision (a). We disapprove the conclusion to the contrary in *Quaranta v. Merlini, supra,* 192 Cal.App.3d 22, 29-30.

Because we have concluded that "amenab[ility] to the process of the court," as the phrase is employed in section 583.240, subdivision (a), may not be equated with a defendant's reasonable availability for service of process, we also must reject plaintiffs' related contention that the trial court's finding, that defendant with "reasonable diligence" could not be served by means other than by publication, constituted a *binding adjudication* that defendant was "not amenable to the process of the court," thereby tolling the three-year dismissal statute. In coming to the conclusion urged by plaintiffs in the present case, the court in *Quaranta v. Merlini, supra,* 192 Cal.App.3d 22, 27-29, relied upon our decision in *Wyoming Pacific Oil Co. v. Preston* (1958) 50 Cal.2d 736 [329 P.2d 489] (hereafter, *Wyoming Pacific*). At the time the *Wyoming Pacific* decision was rendered, former section 412 expressly authorized publication of summons "[w]here the person on whom service is to be made . . . conceals himself to avoid the service of summons," and former section 581a precluded dismissal of the action for failure to serve and return the summons within three years after its commencement, "where the failure to serve the defendant occurs . . . 'while he has secreted himself within the State to prevent the service of summons on him.'" (50 Cal.2d at pp. 739-740.) We held that a finding of concealment made pursuant to former section 412 also would constitute a binding adjudication of concealment for the purposes of former section 581a, thus precluding dismissal pursuant to that statute. (50 Cal.2d at pp. 739-741.)

Unlike the provisions of the pertinent statutes in effect at the time of *Wyoming Pacific*, the express language of sections 415.50 and 583.240, subdivision (a), is not readily susceptible of the interpretation that any factual determination made pursuant to the first statute would be identical to

that made pursuant to the second. As we have seen, the showing of reasonable diligence necessary to obtain an order for publication of summons is not identical to the showing required to establish that a party was not amenable to process for purposes of the mandatory dismissal statute. (See *Perez* v. *Smith, supra,* 19 Cal.App.4th 1595, 1599-1600.) Therefore, the circumstance that plaintiffs herein *asserted* that defendant was not amenable to process, in support of their application seeking to establish that defendant could not be served with reasonable diligence in a manner other than by publication, does not permit an "implied finding that [the defendant] was not amenable to process" (*Quaranta* v. *Merlini, supra,* 192 Cal.App.3d at p. 29), so as to constitute a binding adjudication of that issue for the purpose of determining whether the three-year period was tolled.[15]

In the present case, it appears that defendant had been a resident of the state during the three-year period following the filing of the complaint. Even were she considered a nonresident of the state, however, defendant allegedly had committed an act within the state by entering into the contract for the sale of property, and also allegedly owned other property within the state, thus creating the minimum contacts constitutionally necessary to the court's exercise of personal jurisdiction over her.[16] In addition, section 415.50 expressly authorized plaintiffs to serve defendant by publication (once the other means had been exhausted)—a method deemed by section 410.50 to confer jurisdiction upon the court. That method might have been completed prior to the conclusion of the statutory three-year period.

Therefore, defendant's amenability to process—dependent not only upon the court's exercise of personal jurisdiction over her in a manner comporting with standards of due process and adequate notice, but also upon the existence of a statute or rule authorizing such service—was established. Plaintiffs have not demonstrated the existence of any circumstance indicating that defendant was not *subject to the court's jurisdiction* during some part

---

[15]Because in granting or denying a motion or application for a particular order or ruling, a trial court makes only the express findings—or is deemed to have made only the implied findings—that are *necessary* to support its order or ruling (see *Amador* v. *Unemployment Ins. Appeals Bd.* (1984) 35 Cal.3d 671, 684 [200 Cal.Rptr. 298, 677 P.2d 224]; *Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 384-385 [295 P.2d 405]; *Plate* v. *Sun-Diamond Growers* (1990) 225 Cal.App.3d 1115, 1125 [275 Cal.Rptr. 667]; 7 Witkin, Cal. Procedure, *supra,* Judgment, § 216, p. 653; §§ 253-254, pp. 691-693), the introduction of language from a separate statute that is unnecessary to the court's determination whether to grant or deny publication may not, and does not, constitute a binding adjudication with respect to the "nonamenability" exception to mandatory dismissal.

[16]The bases of a state's judicial jurisdiction over individuals include: presence, domicile, residence, citizenship, consent, appearance, doing business in the state, doing an act (e.g., executing a contract) within the state, causing an effect in the state by an act or omission elsewhere, and ownership, use, or possession of a res located within the state. (See Judicial Council com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 410.10, pp. 459-476.)

of the statutory three-year period. The exclusion provided by the statute for any period in which defendant was not amenable to the process of the court, is of no assistance to plaintiffs.[17] Accordingly, we conclude that the Court of Appeal was correct in holding that the trial court's finding in connection with the order authorizing service by publication did not establish that defendant "was not amenable to the process of the court" for purposes of section 583.240, subdivision (a).

## III

The judgment of the Court of Appeal, upholding the dismissal of plaintiffs' action pursuant to section 583.250, is affirmed.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and Werdegar, J., concurred.

---

[17]Plaintiffs alternatively assert that, even if the earlier finding that defendant with reasonable diligence could not be served other than by publication pursuant to section 415.50 did not establish that defendant was "not amenable to the process of the court" so as to support a tolling of the three-year statute under section 583.240, subdivision (a), the trial court nonetheless erred in dismissing the action, because the earlier finding supports a tolling of the three-year statute pursuant to section 583.240, subdivision (d), which excludes any period during which service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control." Although defendant, in support of her motion to dismiss, also asserted in the trial court that the exception under section 583.240, subdivision (d) (impossibility, impracticability, futility) *did not* apply, plaintiffs did not attempt to establish that that subdivision *was* applicable. We conclude, as did the Court of Appeal, that plaintiffs, having failed even to attempt in the trial court the factual showing required by subdivision (d), have waived their right to assert the applicability of that provision.