23 Cal.App.4th 68 (1994)
28 Cal. Rptr.2d 350
PATRICIA M. FLEMING, Plaintiff and Appellant,
v.
PORFIE JOSE GALLEGOS, Defendant and Respondent.
Docket No. B071893.
Court of Appeals of California, Second District, Division Six.
March 9, 1994.
*70 COUNSEL
Muegenburg, Norman & Dowler and Michael G. Walker for Plaintiff and Appellant.
England, Whitfield, Schroeder & Tredway, David W. Tredway and Terry R. Bailey for Defendant and Respondent.
OPINION
GILBERT, J.
An attorney files an action for his client. The attorney does no work on the case. The client gives the case to a second attorney who also does no work on the case. The second attorney also fails to tell the client he has not filed the form substituting himself in as the client's new attorney. Because of this inactivity, the case never gets to the point where there is a hearing or a deposition. The case is dismissed for failure to prosecute.
We draw upon that legal oxymoron known as "positive misconduct" to conclude that the negligence of the attorneys shall not be imputed to the client. (See Carroll v. Abbott Laboratories, Inc. (1982) 32 Cal.3d 892 [187 Cal. Rptr. 592, 654 P.2d 775].)
Plaintiff Patricia M. Gallegos, now known as Patti Fleming,[1] appeals a judgment of dismissal entered after she failed to prosecute her action for nearly four years. (Code Civ. Proc., §§ 583.410 and 583.420.) We reverse and hold Fleming's attorneys' neglect should not be imputed to her under the discretionary dismissal statutes. (Daley v. County of Butte (1964) 227 Cal. App.2d 380 [38 Cal. Rptr. 693].)

FACTS
On September 14, 1988, plaintiff Fleming brought an action to recover title to real property in Ventura, California. She also recorded a lis pendens against the property. Three and one-half years earlier, Fleming and her former husband, defendant Porfie Jose Gallegos, made an agreement concerning the property. Attorney S. represented Fleming in bringing her lawsuit.
Gallegos answered the complaint and also cross-complained regarding title to the property. Fleming promptly answered the cross-complaint. During two days in December 1988, and January 1989, Gallegos deposed Fleming.
*71 Thereafter, except for discovery of certain bank records, Fleming did not prosecute her action for the next three years and nine months. Neither she nor her attorneys communicated with Gallegos or his attorneys, undertook discovery, filed an at-issue memorandum or obtained a trial date.
Four years after Fleming filed her complaint, the trial court considered Gallegos's motion to dismiss Fleming's lawsuit for want of prosecution. (Code Civ. Proc., §§ 583.410 and 583.420.) Fleming appeared at the hearing with a new attorney and presented a declaration describing her representation by Attorney S. and later, Attorney M.
According to her declaration, Attorney S. represented Fleming for two years and nine months. She found it "very difficult" to reach him. When she did, he "direct[ed] the conversation away from [her] case and talk[ed] about his new baby and his jazz [music]." He "kept putting off" deposing Gallegos. "[Attorney S.] indicated that he was having a difficult time working.... [H]is interest was in his music." During 1990 and 1991, Fleming was "unsuccessful, getting ... Attorney S. to move [her] case forward."
On April 3, 1991, Fleming retrieved her file from Attorney S. and signed a substitution of attorney form, in propria persona. With an apparent knack for selecting the wrong attorney, this time she delivered the file to Attorney M. Although she signed a blank substitution of attorney form for him, he never completed the form. Neither did he file it with the court or send it to Gallegos or his attorney.
History repeated itself. During the time Fleming believed Attorney M. to be representing her, she spoke with him "from time to time" regarding her lawsuit. He professed overwork but promised to "do something within the next week or two for sure." In May 1992, Attorney M. informed Fleming he was "buried" and "would not be able to get to it." The next month, she retrieved her legal file from Attorney M.
Fleming then spoke with six attorneys, who, for different reasons, declined to represent her. On August 5, 1992, she reviewed the Ventura County Superior Court file of her action and learned a discretionary dismissal motion was pending. (Gallegos's attorneys had mailed the notice of motion to Fleming's former address, the last of record.) She thereafter retained Attorney Donald Everhart to represent her at the dismissal hearing. With Everhart and her attorneys on appeal, Fleming experienced something refreshingly new, attorneys who actively represented her interests.
At the hearing, the trial judge discussed factors pertaining to discretionary dismissals. (Cal. Rules of Court, rule 373.) She remarked that Fleming was *72 "st[uck] with what [her] attorneys have done. If they were negligent or ... slow, that binds you." Fleming contended her delay was excusable but she did not argue the theory of attorney abandonment. (See Carroll v. Abbott Laboratories, Inc., supra, 32 Cal.3d 892, 898-901.) The trial judge dismissed Fleming's action for want of prosecution. She now appeals and asserts the attorney abandonment exception to dismissals for want of diligent prosecution. (Carroll v. Abbott Laboratories, Inc., supra, 32 Cal.3d 892; Daley v. County of Butte, supra, 227 Cal. App.2d 380.)

DISCUSSION
(1a) Fleming contends the trial court abused its discretion by dismissing her action. She concedes inexcusable delay but argues the trial court should not have imputed her attorneys' neglect to her, under the exception of Daley v. County of Butte, supra, 227 Cal. App.2d 380. Daley proscribes imputation of attorney neglect where "consistent and long-continued inaction" essentially impairs or destroys the client's action or defense. (Id. at p. 391.)
Gallegos responds that attorney procrastination alone is insufficient to invoke the Daley theory of attorney abandonment. He relies upon Freedman v. Pacific Gas & Electric Co. (1987) 196 Cal. App.3d 696 [242 Cal. Rptr. 8] and contends Fleming's authorities are factually distinguishable because they involve attorney failure to appear at a critical court hearing or trial. Gallegos adds that since Attorney M. was not an attorney of record, Fleming acted in propria persona for 17 months and therefore, was obliged to diligently prosecute her lawsuit. We disagree.
In Daley v. County of Butte, supra, 227 Cal. App.2d 380, plaintiff's attorney delayed in serving a necessary party, failed to appear at pretrial conferences and failed to communicate with his client, opposing counsel, or the court. (Id. at pp. 391-392.) "Worst of all, he did not sign a substitution of attorney for more than five months, apparently refusing either to get out of the case or to proceed with it." (Carroll v. Abbott Laboratories, Inc., supra, 32 Cal.3d 892, 899, commenting on Daley.) Daley held this "history of delay and neglect" amounted to "positive misconduct" which "effectually and unknowingly deprived [plaintiff] of representation." (Daley, supra, 227 Cal. App.2d 380, 390-391.)
The term "misconduct" usually refers to acting improperly, but here we are concerned with not acting at all. Like the sentry who falls asleep at his post, the attorney who does nothing is guilty of misconduct. Although the word "positive" refers to a high degree of misconduct, the indolence we see here and in Daley v. County of Butte, supra, 227 Cal. App.2d 380, is more aptly described as negative.
*73 In Daley the appellate court refused to impute counsel's "inexcusable and extreme" neglect to his client for purposes of a discretionary dismissal. (Daley v. County of Butte, supra, 227 Cal. App.2d 380, 391.) Our Supreme Court has approved the Daley rule but has cautioned that it should be applied "narrowly." (Carroll v. Abbott Laboratories, Inc., supra, 32 Cal.3d 892, 900.)
In Orange Empire Nat. Bank v. Kirk (1968) 259 Cal. App.2d 347 [66 Cal. Rptr. 240], defendant's attorney continually assured him he would represent him in a guaranty lawsuit. Despite these assurances, the attorney failed to appear at trial or to set aside the default judgment subsequently entered against defendant. The reviewing court decided the attorney had abandoned his client within the Daley exception. (Id. at pp. 353-354.)
In Aldrich v. San Fernando Valley Lumber Co. (1985) 170 Cal. App.3d 725 [216 Cal. Rptr. 300], plaintiff's attorney ceased prosecuting plaintiff's lawsuit after filing an amended complaint. Nearly two years later, the State Bar suspended the attorney's license to practice law in an unrelated matter. The reviewing court declared this dereliction of professional duties constituted a failure of even nominal representation and "actual misconduct." (Id. at p. 739.)
(2) The Daley exception pertains where an attorney abandons the client through a total failure to represent that client. The attorney de facto substitutes himself out from his client's case. (Carroll v. Abbott Laboratories, Inc., supra, 32 Cal.3d 892, 900.) Application of the general rule imputing an attorney's negligence to his client would be unconscionable in those circumstances. (Ibid.) Moreover, in today's fast-track environment, it is not just every court hearing that is critical; it is every minute. (Blank v. Kirwan (1985) 39 Cal.3d 311, 332 [216 Cal. Rptr. 718, 703 P.2d 58].)
To invoke the Daley exception, however, the client must be relatively free from negligence. (Carroll v. Abbott Laboratories, Inc., supra, 32 Cal.3d 892, 898.) This does not mean the client must make suspicious inquiries and incessantly check on his attorney. (Daley v. County of Butte, supra, 227 Cal. App.2d 380, 392.) The law permits a client to "sit back in peace and confidence" and does not expect him to know of discretionary dismissal deadlines. (Ibid.)
(1b) Here Fleming's attorneys displayed an unwillingness to either prosecute her lawsuit or to cease representing her, despite her continued checking on the progress of her lawsuit. Attorney M. expressly promised he would work on her lawsuit soon; Attorney S. expressed an inability to concentrate on his work. Reasonably implicit in Attorney S.'s statements  as well as in *74 his apparent reluctance to drop his representation of Fleming  was the inference he would be attentive to the lawsuit soon. Assurances of attentive representation was one factor determining the conclusion of attorney abandonment in Orange Empire Nat. Bank v. Kirk, supra, 259 Cal. App.2d 347, 350, 354.
Attorney M. also failed to complete the substitution of attorneys form for apparently one year. He thus misled Fleming into believing he was representing her. This was one factor that led to the decision of attorney abandonment in Daley v. County of Butte, supra, 227 Cal. App.2d 380, 392, where plaintiff's attorney "refus[ed] to get on with the lawsuit or get out of it."
Fleming inquired of and checked up on her attorneys frequently. She sought replacement counsel reasonably promptly and reviewed her superior court file personally. She timely employed counsel to resist the discretionary dismissal motion. Under these circumstances, we cannot say she was negligent in prosecuting her action. "Clients should not be forced to act as hawk-like inquisitors of their own counsel, suspicious of every step and quick to switch lawyers." (Daley v. County of Butte, supra, 227 Cal. App.2d 380, 392.)
Freedman v. Pacific Gas & Electric Co., supra, 196 Cal. App.3d 696, relied upon by Gallegos, is factually different. There, plaintiffs' attorney met with plaintiffs fifteen times over the course of four years and seven months. He filed a complaint, five amended complaints in response to demurrers, conducted discovery and negotiated a settlement that later fell through. Plaintiffs asserted only general promises by counsel that the lawsuit was proceeding "with all possible speed." (Id. at p. 707, fn. 1.)
Here, in contrast, Fleming's attorneys expressly and impliedly promised they would prosecute her lawsuit while they took no action whatsoever. Moreover, we do not believe the Daley exception turns upon the failure to appear at trial or a critical court hearing. Daley concerned a "history of delay and neglect" and "consistent and long-continued inaction" by counsel. (Daley v. County of Butte, supra, 227 Cal. App.3d 380, 390-391.) Fortuitously, Fleming retrieved her legal file and employed new counsel in sufficient time to appear at the discretionary dismissal hearing.
Gallegos requests that we draw an inference that he has been prejudiced by the existence of the lis pendens against the property. He has not presented any evidence of prejudice, by declaration or otherwise, such as an inability to refinance or sell the property.
(3) Since the decision of our Supreme Court in Blank v. Kirwan, supra, 39 Cal.3d 311, 332, a defendant need not demonstrate actual prejudice to *75 obtain a dismissal under the discretionary dismissal statutes. (Freedman v. Pacific Gas & Electric Co., supra, 196 Cal. App.3d 696, 711.) Demonstration of actual prejudice to a defendant, however, could strengthen his argument for dismissal of an inactive lawsuit or one not prosecuted with promptness or diligence. (Id., pp. 711-712.) (1c) The inference Gallegos requests here is not in itself sufficiently compelling to defeat Fleming's attorney abandonment argument resting upon Daley v. County of Butte, supra, 227 Cal. App.2d 380.
In view of our resolution, we do not discuss Fleming's other contentions.
We see the irony in our decision. The attorney whose neglect is so extreme that it amounts to positive misconduct (Freedman v. Pacific Gas & Electric Co., supra, 196 Cal. App.3d 696, 705) receives an undeserved benefit. Such an attorney is far less likely to face an action for malpractice than one whose neglect is less extreme. It is better, however, not to penalize the blameless client than it is to punish the errant attorney.
Accordingly, the judgment is reversed. Neither party shall recover costs on appeal.
Stone (S.J.), P.J., and Yegan, J., concurred.
A petition for a rehearing was denhied March 31, 1994, and the opinion was modified to read as printed above.
NOTES
[1] To ease the reader's task, we shall refer to plaintiff Patricia Gallegos as "Fleming" and defendant Porfie Jose Gallegos as "Gallegos."