[No. A073639. First Dist., Div. Three. Oct. 29, 1996.]

A.D. SHIPLEY, Plaintiff and Appellant, v.
DAIJIRO SUGITA, Defendant and Respondent.

**COUNSEL**

Raymond P. Bolaños for Plaintiff and Appellant.

Joseph J. Malandra for Defendant and Respondent.

**OPINION**

**CORRIGAN, J.**—A.D. Shipley appeals from a judgment of dismissal. He claims his attorney's alleged misconduct excuses his failure to timely serve his complaint and summons under Code of Civil Procedure[1] section 583.210. We affirm.

*Facts*

On September 10, 1991, Shipley filed a complaint, in propria persona, for breach of contract against Daijiro Sugita, a citizen and resident of Japan.[2] In October 1991, Sugita's attorney informed Shipley that service of the complaint and summons would require compliance with "the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" (the Convention). (See § 413.10.) In November 1991, Shipley attempted to serve Sugita by mail. Because service by mail is not authorized by the Convention, the court declared service invalid. The court also rejected two subsequent efforts to serve Sugita by mail. On May 27, 1992, Shipley filed an amended complaint.[3]

In December 1992, Shipley retained Karen Anderson Ryer as his attorney. Shipley contends that Ryer informed him in February 1994 that Sugita had

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The complaint included additional defendants who are not parties to this appeal.

[3] Ordinarily, the time for service of a complaint begins to run from the date of filing an amended complaint if the amendment alleges a new cause of action based on operative facts different from those forming the basis of the original complaint. (See *Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 154 [216 Cal.Rptr. 405, 702 P.2d 563].) In the court below, the parties apparently assumed that May 27, 1992, the day the amended complaint was filed, would be the operative date for purposes of the service statute. On appeal, Shipley frames his argument in reference to September 10, 1991, the date the original complaint was filed. The appellate record contains no evidence of a ruling by the trial court on this matter, and we have

been properly served under the Convention. Thereafter, when Shipley asked Ryer for the proof of service, she claimed she had not yet received it from embassy officials. In December 1994, Shipley fired Ryer. When she refused to provide him with his case file, he filed allegations against her with the State Bar.

On September 5, 1995, Sugita moved to dismiss the civil complaint for failure of service under section 583.210. In October 1995, Ryer allegedly informed Shipley that Sugita had not in fact been properly served. Shipley apparently effected service in compliance with the Convention on December 25, 1995. Consequently, Sugita was served three years, two hundred and twelve days after filing of the amended complaint. Sugita's motion to dismiss was granted on January 11, 1996.

## Discussion

■■■ Shipley contends the statutory period for service of the complaint and summons on Sugita should have been tolled during that period of time when he erroneously believed, based upon his own lawyer's false statements, that Sugita had been properly served. In order to address this contention, we must examine the relevant statutory scheme.

Former sections 581a and 583 provided for the dismissal of civil actions for lack of diligent prosecution. These sections were designed to promote trial before evidence is lost or destroyed, protect defendants from the annoyance of actions that remain undecided indefinitely, and assist the courts in clearing crowded calendars. (17 Cal. Law Revision Com. Rep. (June 1983) pp. 909-910.) The policy behind these sections conflicts with the strong policy in favor of resolving litigation on the merits rather than on procedural grounds. Consequently, the courts developed various exceptions to the dismissal statutes. (*Id.* at p. 910.) To remedy this confusing confluence of case law and statute, the Legislature revised the statutory scheme in 1984 by repealing sections 581a and 583 and adding a series of new statutes. (Stats. 1984, ch. 1705, §§ 3-5, pp. 6176-6180; see 17 Cal. Law Revision Com. Rep., *supra*, at p. 910; Letter to Governor Deukmejian from State Senator Keene re Sen. Bill No. 1366, Sept. 10, 1984.) By this legislation, chapter 1.5, consisting of four articles, was added to title 8, part 2 of the Code of Civil Procedure: (1) definitions and general provisions (§§ 583.110-583.160); (2) mandatory time for service of summons and complaint (§§ 583.210-583.250); (3) mandatory time for bringing action to trial or new trial (§§ 583.310-583.360); and (4) discretionary dismissal for delay (§§ 583.410-583.430).

not been asked to address that issue. For purposes of this appeal, we assume that May 27, 1992, is the operative date.

Here, we are chiefly concerned with article 2, regarding the mandatory time for service on the defendant. Section 583.210 requires that the summons and complaint be served on the defendant within three years of the filing of the complaint. Section 583.250, subdivision (b) provides: "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." This subdivision was meant to clarify that the service requirement is mandatory, though not jurisdictional, and that the courts may not develop additional exceptions not provided for in the statutory scheme. (17 Cal. Law Revision Com. Rep., *supra*, at p. 912.) Thus, in order to prevail, Shipley must demonstrate that his circumstances fall within one or more of the statutory exceptions.

Section 583.240 enumerates certain statutory exceptions: "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The defendant was not amenable to the process of the court. [¶] (b) The prosecution of the action or proceedings in the action was stayed and the stay affected service. [¶] (c) The validity of service was the subject of litigation by the parties. [¶] (d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

Shipley argues that Ryer's false statement made proper service within the statutory period impossible or impracticable (§ 583.240, subd. (d)). He contends he should be relieved of the mandatory three-year limitations period (§ 583.210) because the statute was tolled from February 1994 to September 1995, the time he erroneously believed Sugita had been properly served.[4] However, the exceptions set out in the statute are not in play here. There is no evidence that service on Sugita was impossible. The Convention provided the mechanism for service, and indeed, Sugita was ultimately served. Additionally, no facts existed that made his service impracticable.

In *Highland Stucco & Lime, Inc.* v. *Superior Court* (1990) 222 Cal.App.3d 637, 644-645 [272 Cal.Rptr. 60], service was held to be impossible, impracticable, or futile due to causes beyond the plaintiff's control because the trial court had stayed the proceedings, precluding service on potential defendants. (See also *Graf* v. *Gaslight* (1990) 225 Cal.App.3d 291, 296-297 [274

---

[4]Shipley also contends the statute should be tolled for an additional six months based upon the time "[t]he validity of service was the subject of litigation by the parties." (§ 583.240, subd. (c).) Even if the statute were tolled for the six-month period alleged by Shipley, service would be untimely. Thus, we need not address this question. Service would be timely only if the statute were tolled for the 20 months during which Shipley believed Sugita had been properly served.

Cal.Rptr. 759] [where service was deemed impossible or futile during time case was subject to a later-rescinded dismissal order], disapproved on other grounds in *Watts* v. *Crawford* (1995) 10 Cal.4th 743, 758, fn. 13 [42 Cal.Rptr.2d 81, 896 P.2d 807].) In *Dale* v. *ITT Life Ins. Corp.* (1989) 207 Cal.App.3d 495, 502 [255 Cal.Rptr. 8], the court held an erroneous entry of default judgment against the defendant did not toll the period for service of process. In that case, because the plaintiff's original service was defective, the court ordered the default set aside, and the case was dismissed for failure to effect timely service under section 583.210. Although the default judgment had made timely service impracticable, the erroneous entry of that judgment was the plaintiff's fault. Consequently, the service statute would not be tolled. By implication, the court held that if a default judgment is erroneously entered through no fault of the plaintiff, the service statute will be tolled during the period before the default is set aside. (But see *Graf* v. *Gaslight*, *supra*, 225 Cal.App.3d at pp. 297-298 [plaintiff's lack of diligence in moving to set aside dismissal precludes tolling of statute during time between dismissal and motion to set dismissal aside].)

In essence, Shipley urges not that *service* was impossible, impracticable, or futile, but rather that his efforts to assure that his counsel *accomplished* service were impeded by counsel's misconduct. Shipley's success depends upon our reading into the statute a concept not otherwise found there. We are not inclined to do so.

In support of his contention, Shipley argues a litigant should not be held responsible when his attorney's positive misconduct results in a dismissal of the cause of action. In *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380 [38 Cal.Rptr. 693], the trial court exercised its discretion under former section 583 to dismiss the plaintiff's action for failure to prosecute. The plaintiff moved under section 473 to set aside the dismissal, alleging his attorney had handled the matter incompetently. The appellate court agreed: "A general doctrine charges the client with the neglect of his attorney, but gives him redress against the latter. [Citations.] Dismissals for litigation delay have been sustained on appeal where the delay was attributable to the attorney and not to the client. [Citation.] On the other hand, in the individualized disposition of discretionary dismissal proceedings, incapacity or excusable delay on the part of the attorney has been a factor in appellate reversal of dismissals. [Citations.] [¶] Despite the general rule which imputes the attorney's neglect to the client, there are exceptional cases in which the client, relatively free from personal neglect, will be relieved of a default or dismissal attributable to the inaction or procrastination of his counsel. [Citations.] [¶] Here the neglect was inexcusable and extreme, amounting to positive misconduct. [Counsel's] consistent and long-continued inaction was

so visibly and inevitably disastrous, that his client was effectually and unknowingly deprived of representation. . . . Under these unusual circumstances, where the client was unknowingly deprived of effective representation, she will not be charged with responsibility for the misconduct of her nominal counsel of record." (*Daley* v. *County of Butte, supra,* at pp. 391-392; cf. *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892 [187 Cal.Rptr. 592, 654 P.2d 775] [applying the same rule but concluding attorney misconduct did not effectively deprive plaintiff of representation].)

Assuming arguendo that Ryer's actions constituted positive misconduct, the question remains whether attorney misconduct entitled Shipley to relief from the mandatory dismissal requirement of section 583.210. We conclude it does not.

 Section 583.210 is designed to a give defendants timely notice of an action so they can make efforts to preserve evidence. By contrast, section 583.310 concerns the timeliness of bringing the action to trial. (*Damjanovic* v. *Ambrose* (1992) 3 Cal.App.4th 503, 510 [4 Cal.Rptr.2d 560].) The sections are implemented differently based "on the recognition that ordinarily a plaintiff exercising due diligence is in control of the time of service of summons, while a plaintiff is not ordinarily in control of bringing a case to trial." (*Ibid.*) Consequently, the exceptions codified in section 583.240, subdivision (d) must be construed strictly against the plaintiff. (*Williams* v. *Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 102 [28 Cal.Rptr.2d 219]; 17 Cal. Law Revision Com. Rep., *supra*, at p. 933.) Again, by contrast, the similar exception to section 583.310 contained in section 583.340, subdivision (c) is construed liberally, consistent with the policy favoring resolution on the merits. (17 Cal. Law Revision Com. Rep., *supra*, at p. 936.) We will not judicially engraft into section 583.240, subdivision (d) yet another exception to the rule of mandatory dismissal for those cases in which attorney misconduct frustrates the plaintiff's ability to perfect service.

Furthermore, section 583.240, subdivision (d), by its very terms, limits its exceptions to circumstances "beyond the plaintiff's control." Here, the failure to accomplish timely service was within Shipley's control. In *Bishop* v. *Silva* (1991) 234 Cal.App.3d 1317 [285 Cal.Rptr. 910], summons was apparently served on the defendant in a timely fashion. However, due to difficulties with the state-registered process server, the summons was not returned within the additional 60-day period required by section 583.210, subdivision (b). Citing the exception for impossibility, the plaintiff claimed the statute should have been tolled for the period during which his counsel became aware of and attempted, rather ineffectually, to rectify the problem.

(*Bishop* v. *Silva, supra,* at p. 1321.) The court rejected this claim: "In this case, plaintiff's problems were within his own control. Plaintiff 'selected and employed his own agent to effect service of process upon [Silva]. He is necessarily charged with notice of the acts and declarations of his agent.' [Citation.] Plaintiff also selected and employed his own counsel to direct and oversee the activities of his process server." (*Id.* at p. 1322, first brackets in original.)

In *Fleming* v. *Gallegos* (1994) 23 Cal.App.4th 68 [28 Cal.Rptr.2d 350], the trial court exercised its discretion to dismiss the plaintiff's action for failure to prosecute under sections 583.410 and 583.420. The appellate court reversed, holding misconduct by the plaintiff's attorney "should not be imputed to [plaintiff] under the *discretionary dismissal statutes.*" (*Fleming* v. *Gallegos, supra,* at p. 70, citing *Daley* v. *County of Butte, supra,* 227 Cal.App.2d 380, italics added.) Shipley argues the doctrine should apply whether dismissal was mandatory or discretionary because, in either event, the plaintiff experiences a loss for which he is blameless. However, Shipley provides no authority for the application of the doctrine of positive attorney misconduct in mandatory dismissal situations.

When the Legislature refashioned the relevant provisions of the Code of Civil Procedure in 1984, it sought to clarify the field by codifying various exceptions to the limitations period. The doctrine of positive attorney misconduct had long been in existence; yet, the Legislature did not include it within the specific exceptions to the mandatory dismissal statutes (see §§ 583.240, 583.340). It is reasonable to conclude the Legislature intended that attorney misconduct could not excuse failure to complete service within the *mandatory* statutory period. Should dismissal result in such cases, the plaintiff would retain the right to bring a malpractice action against the attorney. The defendant should not be penalized by an extension of the mandatory limitation period due to the misconduct of the plaintiff's attorney. On the other hand, when dismissal is *discretionary*, the misconduct of the plaintiff's attorney must be considered by the court. (See *Fleming* v. *Gallegos, supra,* 23 Cal.App.4th at p. 70.)

In *Orange Empire Nat. Bank* v. *Kirk* (1968) 259 Cal.App.2d 347 [66 Cal.Rptr. 240], relied upon by Shipley, a default judgment was entered against Kirk. The appellate court reversed the judgment, holding that the trial court had the inherent equitable power to grant Kirk relief based upon

the positive misconduct of his attorney. (*Id.* at pp. 352-354.) *Orange Empire* is distinguishable, however, because it involved a discretionary dismissal.[5]

## Conclusion

Shipley argues forcefully that a plaintiff should not suffer disadvantage because of his attorney's misconduct. If the Legislature wishes to extend the circumstances under which mandatory dismissal may be avoided, it may do so. To date, it has not. The language of sections 583.210 and 583.250 and the exceptions in section 583.240 are quite clear. They do not apply to Shipley's situation. Attorney misconduct does not excuse a plaintiff's failure to comply with the mandatory service requirements of section 583.210.

## Disposition

The judgment is affirmed.

Phelan, P. J., and Parrilli, J., concurred.

---

[5]A party may not rely upon the court's discretionary authority under section 473 to obtain relief from a mandatory dismissal under section 583.210. The court in *Orange Empire* noted that the trial court's equitable power to grant relief was narrower than its statutory power to grant relief under section 473, which requires the motion be made within six months of the judgment. (259 Cal.App.2d at pp. 352-353.) Section 473 was recently amended to include dismissals among those actions from which the court could grant discretionary relief. (Stats. 1992, ch. 876, § 4.) Still, *Graham* v. *Beers* (1994) 30 Cal.App.4th 1656, 1661 [36 Cal.Rptr.2d 765] establishes that a plaintiff may not utilize a section 473 motion to obtain discretionary relief from the dismissal statutes. Instead, the plaintiff may employ that section only to obtain relief when he has failed to *oppose* a motion to dismiss. Here, Shipley did oppose the motion to dismiss. Therefore, the court's discretionary authority under section 473 is unavailable to him.