Filed 12/30/13  Baugher v. Harris CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 3

| | |
|---|---|
| FRED BAUGHER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TAMMY HARRIS,<br><br>        Defendant and Respondent. | A137716<br><br>(Alameda County<br>Super. Ct. No. RG09429206) |

Plaintiff Fred Baugher appeals from an order dismissing defendant Tammy Harris from his medical malpractice complaint under Code of Civil Procedure section 583.250.[1]  Because substantial evidence supports the trial court's decision to dismiss, we affirm.

**BACKGROUND**

On January 5, 2009, Baugher filed a complaint against defendants Alta Bates Summit Medical Center (Alta Bates) and Tammy Harris seeking damages for medical malpractice for a March 2008 incident that occurred when Harris was temporarily working there as a nurse.  On October 27, 2009, Baugher filed a case management statement, which indicated that Harris had not been served because she "has not yet been found."

Baugher claimed he was having trouble locating Harris because she was no longer working in California and "Tammy Harris" was a common name among nurses and "some look alike."  On November 5, 2009, the court imposed sanctions of $500 against Baugher for failing to diligently serve Harris with the complaint, but stayed its order provided that by May 13, 2010, Baugher would serve Harris, dismiss her from the complaint, or request an extension of time.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

1

On or about December 8, 2009, Baugher claimed he served a nurse in Kentucky who was also named Tammy Harris. She was later determined to be the wrong nurse and dismissed from the case on December 24, 2009.

On February 25, 2010, Baugher filed proof of service on Harris that included a process server's affidavit of substitute service and a declaration from Baugher's attorney attesting to its authenticity. The process server left the summons and complaint with Renee Tillman, described as Harris's supervisor, at Advanced Clinical Employment Staffing, LLC (ACES) in Oneonta, Alabama. ACES confirmed that Harris was a travel nurse and former employee who was no longer working for ACES when service was left with Tillman. ACES also stated that its attorney contacted Baugher's counsel and informed him that Harris no longer worked at ACES and it was not authorized to accept service on her behalf.

Baugher claimed that he continued his efforts to identify and locate Harris "using a variety of discovery methods, including the internet." He says he ultimately learned Harris's identity and address in July 2012 during discovery, after Alta Bates and ACES were ordered to produce a copy of Harris's temporary nursing license.

On July 26, 2012, Baugher personally served Harris in Zebulon, Georgia. Harris moved to dismiss for Baugher's failure to serve her within three years of filing the complaint. In opposition to Harris's motion, Baugher made three arguments. He argued the time to return service should run from late 2009 instead of the original filing date because he amended the complaint with Harris's correct name late in 2009; for a time Harris was not amenable to service; and service was impossible, impractical, or futile.

The court granted Harris's motion and dismissed her from the complaint. The trial court concluded that Harris had not been served until July 26, 2012, more than three years from the date Baugher's complaint was filed, and dismissal was mandatory under section 583.250. The court also concluded that Baugher "ha[d] not shown that he exercised reasonable diligence in his efforts to locate [Harris] in order to have her served," that he "merely conducted a search for [Harris] via Internet, and then followed up with written discovery" to Alta Bates and ACES, and that he thus failed to satisfy any of the statutory exceptions to mandatory dismissal. Baugher appeals.

2

**DISCUSSION**

**A.      Standard of Review**

When a ruling challenged on appeal depends on resolution of disputed facts, we review it for substantial evidence. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1136-1137; *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 872-873 (*Bowers*).)  Our review is limited to determining only whether there is substantial evidence to support the trial court's factual determination, based on the entire appellate record.  (*Bowers, supra,* at pp. 873-874.)  If there is substantial evidence to support the trial court's determination, the judgment will not be disturbed simply because contradicting evidence is susceptible to contrary conclusions.  (*Id.* at p. 872.)  The trial court's judgment or order is presumed to be correct.  (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.)  The burden is on the appellant to articulate a legally sound argument and furnish the court with an adequate appellate record that demonstrates the trial court's alleged error. (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865.)

Baugher incorrectly argues the standard of review here should be either de novo or abuse of discretion.  We apply the substantial evidence standard because there are disputed facts about the service of process, there is no question of law, and the trial court had no occasion to exercise its discretion to dismiss because of the mandatory stricture of section 583.250.

**B.      Mandatory Dismissal Under Section 583.250**

In civil actions, section 583.210 provides that "(a) [t]he summons and complaint shall be served upon a defendant within three years after" the complaint is filed and "(b) [p]roof of service of the summons shall be filed within 60 days" after the defendant is served.  Section 583.250, subdivision (a) requires dismissal of an action if service is not made within the time prescribed by statute.  Subdivision (b) clarifies that dismissal is mandatory and "not subject to extension, excuse, or exception except as expressly provided by statute." This mandatory dismissal is intended to "promote trial before evidence is lost or destroyed, protect defendants from the annoyance of actions that remain undecided indefinitely, and assist the courts in clearing crowded calendars." (*Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 323 (*Shipley*).)

Baugher argues that he served Harris within the three-year requirement of section 583.210 by effectuating substitute service via her supervisor at ACES on February 25, 2010 (hereafter the 2010 substitute service).  This argument fails for two reasons.  The record does not demonstrate that Baugher asserted the possible validity of the substitute service in opposition to

3

Harris's motion to dismiss or that the trial court considered it.[2]  As there is no indication in the record that he raised this factual issue before the trial court, Baugher has forfeited the issue on appeal.  (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501.)  Moreover, the substitute service was not valid.

Section 415.20, subdivision (b), provides that "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered . . . a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her . . . place of business."  Because personal service is preferred to substitute service, the party attempting service must show "that the summons and complaint 'cannot with reasonable diligence be personally delivered' to the individual defendant."  (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 389 (*Zara*).)  Although the term "reasonable diligence" defies a bright-line rule or definition, parties effecting service must provide some explanation for their failure to effect personal service.  (*Evartt v. Superior Court* (1979) 89 Cal.App.3d 795, 801.)

Filing a proof of service according to statutory requirements creates a rebuttable evidentiary presumption that the service was proper, "but it may be impeached and the lack of proper service shown by contradictory evidence."  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1447.)  Although Baugher filed such a proof of substitute service on February 25, 2010, the declaration filed by Harris's attorney on August 27, 2012 demonstrated that Baugher was advised at the time of the 2010 substitute service that Harris was not employed by ACES and that the service was invalid.  The record does not reflect that Baugher provided any factual showing to contradict counsel's declaration.

Nonetheless, Baugher argues that his substitute service on Harris satisfies section 583.210.  His conclusory argument is unsupported with legal authority.  Instead, he relies on the discredited proof of service and argues that Harris neither objected to service nor moved to quash.  However, "while a motion to quash is the procedure usually employed to challenge the

---

[2] Baugher's only reference to the substitute service in his opposition was in the background section: "ACES continued to hide the true name and address of the correct nurse (e.g. refused to accept service on 'HARRIS' in 2010)," which was insufficient for purposes of preserving the issue on appeal.  Also supporting our determination that the adequacy of the substitute service was not raised by Baugher is the fact that the trial court did not address it in its ruling.

validity of service, the same issue is raised by a motion to dismiss under section 583.210." (*Dill v. Berquist Construction Co., supra,* 24 Cal.App.4th at p. 1433.)

Baugher also failed to demonstrate that other requirements for substitute service were fulfilled. Section 415.20 requires that a plaintiff demonstrate reasonable diligence in attempting personal service. (*Zara*, *supra*, 199 Cal.App.4th at p. 389.) Reasonable diligence may include two or three attempts at personal service (*Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1391-1392), obtaining a forwarding postal address from the U.S. Postal Service and leaving the summons with a proper agent at that address (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 547), or any other method "reasonably calculated to provide [the defendant] with actual notice of the action." (*Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392.) Baugher has offered no explanation or analysis to show that any previous efforts to effectuate service on Harris met the standard of reasonable diligence. Likewise, he has failed to show how those previous efforts were reasonably calculated to give Harris notice of the action as required by section 415.20.

In oral argument before this court, Baugher for the first time argued that Harris's counsel's declaration that contested the validity of the 2010 service was insufficient because it was based on hearsay and facts outside the scope of the lawyer's personal knowledge. He relies upon *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488(*Cruz*), as authority for the proposition that a declaration seeking to rebut the presumption of effective service must be based on personal knowledge. But *Cruz* says no such thing. The issue in *Cruz* was whether service had been effected upon a non-resident corporation by mailing to its designated agent for service of process. Although the court discusses at length varying circumstances that can arise when service is attempted on a corporate defendant through an agent, *Cruz* does not hold that the presumption of effective service may only be rebutted by declarations based upon personal knowledge. Moreover, if Baugher wanted to contest the sufficiency of counsel's declaration to rebut the presumption, he should have objected to its consideration by the trial court. He did not.

As an alternative, Baugher cites *Gilmore v. Lick Fish & Poultry, Inc.* (1968) 265 Cal.App.2d 106, 109-115 (*Gilmore*), to argue that the three-year period to serve the summons under section 583.210 was tolled by his amending the complaint on March 15, 2012 to add Harris's middle initial "D." *Gilmore* is inapposite. *Gilmore* addressed the relation back of an amendment for statute of limitations purposes when the actual name of a defendant is substituted

5

for a fictitious one. (*Id.* at p. 115.) *Gilmore* provides no authority for Baugher's argument that the amendment to add Harris's middle initial extended the time to return service under sections 583.240 and 583.250.

Notwithstanding forfeiture of the issue on appeal, Baugher has failed to demonstrate the 2010 substitute service was proper or that he returned the summons within the allotted time. There was substantial evidence to support the trial court's determination that Harris was not served within the time required by section 583.210.

## C.      Exceptions to Mandatory Dismissal Under Section 584.240

Baugher also argues that if he failed to serve Harris within three years, his failure should be excused under two exceptions listed in section 584.240 that toll the three-year period. He argues Harris was not "amenable to the process of the court." Alternatively, he argues effectuating service was "impossible, impractical, or futile due to causes beyond" Baugher's control. We disagree.

Section 583.240 provides four circumstances that toll the computation of time under section 583.210. However, due to public policy concerns over delays in bringing cases to trial, the provisions of section 583.240 are "construed strictly against the plaintiff." (*Shipley*, *supra*, 50 Cal.App.4th at p. 326; *Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 102 (*Williams*).) Section 583.240, subdivision (a), tolls the computation period during times the "defendant was not amenable to the process of the court." But whether a defendant is "amenable to process" examines the court's authority to exercise personal jurisdiction, not the defendant's "reasonable availability, as a practical matter, for service of process." (*Watts v. Crawford* (1995) 10 Cal.4th 743, 758.)

Baugher argues that Harris was not amenable to the process of the court merely because she was "a citizen of Georgia (not California), and only here for [work at Alta Bates in 2008]." There are two problems with his argument. First, Baugher has not cited to any evidentiary basis in the record to conclusively establish either Harris's citizenship or the time when she worked in the state of California. Other than asserting that Harris was served at an address in Zebulon, Georgia, he provides no factual basis in the record to show her residency. The burden is on Baugher to provide an adequate appellate record, and his failure to do so requires that we resolve the issue against him. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362 (*Oliveira*).) The second problem with Baugher's argument is that he does not explain how Harris's alleged

6

citizenship or specific past presence in California is legally significant to the court's authority to exercise personal jurisdiction over her. In other words, Baugher presents no legal analysis to support his contention that Harris was not amenable to service. It is not our role to construct a legal theory for Baugher. (*Morgan v. Wet Seal, Inc.* (2012) 210 Cal.App.4th 1341, 1369.) Therefore, we conclude that Baugher has failed show Harris was not amenable to the process of the court.

Baugher also claims under section 583.240, subdivision (d), that service on Harris was "impossible, impractical, or futile due to causes beyond" his control. But subdivision (d) clearly states that "[f]ailure to discover relevant facts or evidence is not a cause beyond the plaintiff's control . . . ." In order for a plaintiff to avail himself of this exception, he must demonstrate (1) his diligent efforts to serve process on a defendant and that (2) circumstances beyond his control prevented him from doing so. Courts have declined to apply subdivision (d) where the impossibility, impracticality, or futility of effectuating service was due to the plaintiff's preferences, such as the chosen method of effectuating service. (*Shipley*, *supra*, 50 Cal.App.4th at p. 326 [attorney's misstatements do not excuse failure to comply with sections 583.210 and 583.250]; *Bishop v. Silva* (1991) 234 Cal.App.3d 1317, 1321-1322 [failure to timely return process resulted from difficulties with process server who was selected and directed by plaintiff's attorney].) Because effectuating service is generally considered within a plaintiff's control, trial courts must strictly construe the statute against the plaintiff. (*Williams*, *supra*, 23 Cal.App.4th at p. 102.)

Baugher says the identity and address for Harris were "actively hidden" by ACES and Alta Bates. To support his argument, he cites *Perez v. Smith* (1993) 19 Cal.App.4th 1595, and *Quaranta v. Merlini* (1987) 192 Cal.App.3d 22, disapproved in *Watts*, *supra*, 10 Cal.4th at p. 761. However, those cases addressed amenability to process and they lend no authority to his argument that service on Harris was impossible, impractical, or futile.

We are not persuaded that section 583.240, subdivision (d)'s exception for "impossibility, impracticality, and futility" applies here. Baugher did not show reasonable diligence in his attempts at locating and serving Harris. Baugher has repeatedly claimed that Harris was difficult to locate, but there are no facts in the record to support his claim. The burden is on Baugher to furnish a record with evidentiary support for his factual allegations. (*Oliveira*, *supra*, 206 Cal.App.4th at p. 1362.) We cannot conclude based on the record that Baugher's frustration in

7

locating Harris was anything more than routinely difficult. Likewise, we cannot conclude Baugher's failure to serve Harris was caused by circumstances beyond his control that would otherwise meet the legal definition of "impossibility, impracticality, or futility". Baugher has failed to establish that the exception under subdivision (d) applies.

In sum, there was substantial evidence for the trial court to conclude that Harris was not served within the three-year period required by section 583.210, and that the failure to serve her was not excused for any of the reasons specified in section 583.240.

Respondent's motion for sanctions is denied.

## DISPOSITION

The judgment is affirmed.


_____
Siggins, J.


We concur:


_____
McGuiness, P.J.


_____
Pollak, J.